UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL FELIPE CANAS GARCIA,

Petitioner,

v.

TONYA ANDREWS,

Respondent.

No. 1:26-cv-06665-DAD-SCR

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On August 21, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO"). (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) On August 24, 2026, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether it opposed this court from also ruling on the underlying habeas petition based on the briefing currently before it. (Doc. No. 7.) Respondent filed a response explaining that 8 U.S.C. § 1226(a) governed petitioner's current detention in light of the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (Doc. No. 6 at 1.) Nonetheless, respondent contests petitioner's immediate release,

arguing that he has not exhausted his administrative remedies (Doc. No. 8 at 1–2) and that the only process due to petitioner is a bond hearing before an immigration judge ("IJ"). (*Id.*) For the following reasons, this court disagrees with both of respondent's arguments and will order petitioner's immediate release from immigration custody.

The facts of this case are these. Petitioner is a citizen of Columbia. (Doc. No. 1 at 4.) Respondent concedes that petitioner was previously admitted into this country and was ordered released on his own recognizance by immigration authorities. (Doc. No. 8 at 2.) Petitioner was re-detained by immigration authorities on or about August 12, 2026, and remains in custody. (Doc. No. 1 at 5.)

In light of respondent's concession that § 1226(a) controls petitioner's current detention, the court incorporates its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), in which the court concluded that the petitioner's detention without a pre-deprivation hearing following a prior release by immigration authorities violated petitioner's due process rights. Accordingly, the court concludes that petitioner's detention under the circumstances summarized above likewise is in violation of petitioner's due process rights.

Respondent tangentially mentions a lack of exhaustion in its response. The court also incorporates its prior discussion of why exhaustion should not be required with respect to due process challenges to the procedures employed by immigration authorities as set forth in *Ramirez v. Warden of Golden State Annex Detention Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that prudential exhaustion requirements should be waived here because any such exhaustion would be futile. Accordingly, the court rejects respondent's argument that is based upon petitioner's purported failure to exhaust.

/////

/////

For the reasons explained above:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Manuel Felipe Canas Garcia, A-File No. 246-932-417, from respondent's custody;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;
3. Petitioner's motions for a temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting his habeas petition on the merits;
4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE